[Crim. No. 16207. Second Dist., Div. One. Nov. 13, 1969.]

THE PEOPLE, Plaintiff and Appellant, v.
BERNARD WILLIAM LEWIS, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Cochran & Atkins and Johnnie L. Cochran, Jr., for Defendant and Respondent.

## OPINION

**LILLIE, J.**—A complaint was filed charging defendant with murder (§ 187, Pen. Code); after the preliminary hearing the magistrate held defendant to answer on a charge of manslaughter (§ 192, Pen. Code). However, the district attorney thereafter filed an information charging defendant with murder. Pursuant to section 995, Penal Code, defendant moved to set aside the information. A reading of defense counsel's argument to the trial court discloses that he advanced the position that the evidence showed justification for the killing. The court granted the motion "on the grounds the evidence is insufficient to warrant a murder charge." The People appeal from the order setting aside the information.

It was stipulated at the preliminary hearing that Elbert W. Swift died of a massive left pleural hemorrhage due to a gunshot wound in the shoulder inflicted by defendant on September 28, 1968; and a test of the blood of the deceased showed a reading of blood alcohol of 0.14 percent.

On September 28, 1968, Pat Hernandez gave a birthday party. Around 2 a.m. Donald Wilson arrived with defendant and his girl friend; they drank and danced and then defendant left to take his girl friend home; Wilson stayed on at the party. During defendant's absence a fight of some kind lasting only a few minutes took place downstairs; Wilson was not involved and knew nothing about it because he was upstairs at the party; Wilson did not know if the victim Swift was involved. Shortly thereafter defendant returned to the party to get Wilson; Wilson testified "we was ready to go and we didn't want to get into any trouble." As they started to leave, the victim stopped them on the steps and asked Pat Hernandez "if one of the M.F.'s was fighting with one of his friends;" Pat replied, "Leave Bernard [defendant] alone, he don't worry no-one . . . don't bother nobody." Defendant and Wilson went downstairs and out to the car parked on a side street; the victim followed. Defendant got into the car on the driver's side and Wilson entered on the front passenger side; they shut the doors. The victim came to Wilson's side of the car; Wilson was telling him to go away and the victim "just said . . .'You M.F.' and he reached in his back pocket" with a "fast movement," then Wilson heard a shot and saw the victim fall; he turned to defendant who had a gun in his hand, took the gun from him and unloaded it; after the victim fell Wilson said to defendant, "we should help him" but instead defendant "pulled off" and drove away. Wilson testified that he did not see any weapon on the victim and the victim

did not bring out any weapon. Wilson was asked if the victim seemed to be mad; he replied, "I don't know, I guess so," and further testified that prior to the shooting the victim and defendant had not engaged in any argument or any conversation.

■ To sustain a conviction of either first or second degree murder an essential element is malice. (*People v. Bender,* 27 Cal.2d 164, 180 [163 P.2d 8].) The necessary element of malice may be inferred from the circumstances of the homicide. Section 188, Penal Code, declares that "Such malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow-creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." ■ Thus " 'When the killing is proved to have been committed by the defendant, and nothing further is shown, the presumption of law is that it was malicious and an act of murder; but in such a case the verdict should be murder of the second degree. . . .' " (*People v. Wells,* 10 Cal.2d 610, 616-617 [76 P.2d 493]; *People v. Terry,* 57 Cal.2d 538, 556 [21 Cal.Rptr. 185, 370 P.2d 985]; *People v. Craig,* 49 Cal.2d 313, 319 [316 P.2d 947]; *People v. Howard,* 211 Cal. 322, 329 [295 P. 333].) ■ In addition, an assault with a dangerous weapon made in a manner endangering life and resulting in death is sufficient to sustain a conviction of second degree murder. Malice is implied from the assault. (*People v. Brunk,* 258 Cal.App.2d 453, 456 [65 Cal.Rptr. 727]; *People v. Jones,* 225 Cal.App.2d 598, 606 [37 Cal.Rptr. 454]; *People v. Watkins,* 178 Cal.App.2d 41, 44 [2 Cal.Rptr. 707]; *People v. McAuliffe,* 154 Cal.App.2d 332, 338 [316 P.2d 381]; *People v. Torres,* 94 Cal.App.2d 146, 149-150 [210 P.2d 324].)

"These rules of substantive law are implemented by Penal Code section 1105, which provides that 'Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable.' ■ It is true that this statute 'does not place on a defendant the burden of persuasion, but merely declares a rule of procedure that imposes on him a duty of going forward with evidence of mitigating circumstances.' (*People v. Deloney* (1953) 41 Cal.2d 832, 841 [264 P.2d 532].) Yet by the same token if the defendant fails to discharge the latter duty to the point of raising a reasonable doubt in the minds of the jurors, the presumption of malice will operate and the homicide will be deemed 'malicious and an act of murder.' (*People v. Craig* (1957) *supra,* 49 Cal.2d 313, 319; see also *People v. Hall* (1963) 212 Cal.App.2d 480,

482 [28 Cal.Rptr. 164], and cases cited.')" (*Jackson* v. *Superior Court,* 62 Cal.2d 521, 526 [42 Cal.Rptr. 838, 399 P.2d 374].) It follows, therefore, that to require the People to present specific proof of malice aforethought at the preliminary hearing over and above its fundamental showing of the killing of the victim by the defendant would, in effect, place a greater burden on the prosecution at the accusatory stage than the trial itself. (*Jackson* v. *Superior Court,* 62 Cal.2d 521, 527 [42 Cal.Rptr. 838, 399 P.2d 374].)

■ Respondent's entire argument is predicated on the premise that he acted upon fear and was justified by appearances. Fear and appearances of what? Where in the record is there the slightest evidence pointing to justification, excuse or grounds for a reasonable belief of imminent danger. It does not appear that during the evening the victim was armed with any kind of a weapon or produced one; that Wilson or defendant had any reason to believe that he was carrying a gun, knife or any other weapon; that the victim was involved in the fight downstairs, although it is obvious he as well as Wilson knew about it, or that there had been blows exchanged between the victim and anyone else; that any threats were made by him to defendant or anyone in his presence or that the victim had any conversation with defendant or Wilson prior to following them to the vehicle. The evidence does not show to whom, defendant or Wilson, the victim directed the vulgar language at the parked vehicle (Wilson did not know to whom it was directed), that any threat was made to either one, or that defendant or Wilson was in any imminent danger of attack by the victim. While Wilson testified that the victim came up to the passenger side of the vehicle, used vulgar language and reached into his pocket, nothing in the record demonstrates that defendant was in fear for himself or for Wilson, or believed the victim was reaching for a weapon; moreover, defendant, in the driver's seat, was on the opposite side of the victim and had he been in fear he could have driven the car away rather than resort to use of a firearm. Further, under the circumstances, defendant's use of the gun constituted excessive force against the victim who was no more than verbally abusive to him. Finally, defendant's immediate departure after he shot the victim, leaving the wounded man on the street in spite of Wilson's statement, "we should help him," constitutes flight and affords a basis for an inference of consciousness of guilt. (*People* v. *Brooks,* 64 Cal.2d 130, 138 [48 Cal. Rptr. 879, 410 P.2d 383]; *People* v. *Davis,* 48 Cal.2d 241, 251 [309 P.2d 1]; *People* v. *Santo,* 43 Cal.2d 319, 326 [273 P.2d 249]; *People* v. *Brunk,* 258 Cal.App.2d 453, 455 [65 Cal.Rptr. 727]; *People* v. *Jack,* 233 Cal.App.2d 446, 458 [43 Cal.Rptr. 566].) The evidence shows neither excusable homicide, self-defense nor mitigating circumstances to overcome the presumption of malice; and the burden of proving justification or circumstances of mitigation is on the defendant. (*Jackson* v. *Superior*

*Court,* 62 Cal.2d 521, 526 [42 Cal.Rptr. 838, 399 P.2d 374]; *People* v. *Wells,* 10 Cal.2d 610, 617 [76 P.2d 493]; *People* v. *Brunk,* 258 Cal.App. 2d 453, 456 [65 Cal.Rptr. 727]; *People* v. *Hall,* 212 Cal.App.2d 480, 482 [28 Cal.Rptr. 164].)

▪ Viewed in the light of the foregoing, we cannot say that a finding that the homicide was justifiable as committed either in self-defense or under provocation adequate to reduce it to manslaughter was warranted. The evidence before the committing magistrate was ample to support the information. The instant case is a clear one for the application of section 1105, Penal Code, which places the burden of showing justification or mitigation on the defendant.

The order setting aside the information is reversed.

Wood, P. J., and Thompson, J., concurred.